UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

JOSEPH WEST

VERSUS

NATIONAL CASUALTY
COMPANY, ET AL.

CIVIL ACTION

NO. 17-571-JWD-EWD

## NOTICE AND ORDER REGARDING NOTICE OF REMOVAL

On August 18, 2017, defendants, New Prime, Inc. and RLI Insurance Company (the "Removing Defendants") filed a Notice of Removal based upon complete diversity of citizenship pursuant to 28 U.S.C. § 1332.[1]

Per the Notice of Removal, plaintiff, Joseph West ("Plaintiff"), is a "resident and citizen of the State of Louisiana."[2] However, "[f]or diversity purposes, citizenship means domicile, mere residence in the State is not sufficient." *See*, *Mas v. Perry*, 489 F.2d 1396, 1399 (5th Cir. 1974). Accordingly, the Removing Defendants have not sufficiently alleged Plaintiff's citizenship because they do not allege Plaintiff's domicile.[3]

With respect to the incorporated entities, in diversity cases involving corporations, "allegations of citizenship must set forth the state of incorporation as well as the principal place of business of each corporation." *Getty Oil, Div. of Texaco v. Ins. Co. of North America*, 841 F.2d 1254, 1259 (5th Cir. 1988). Per the Notice of Removal, National Casualty Company ("National Casualty") is "a company organized under and pursuant to the laws of the State of Wisconsin and

---

[1] R. Doc. 1, ¶ 7. The Petition for Damages only alleges that Plaintiff is "residing in Slaughter, Louisiana." R. Doc. 1-4.

[2] R. Doc. 1, ¶ 8.

[3] In contrast, the Removing Defendants allege that the individual defendant, Raul Guerrero, is "domiciled in the State of Texas" and the individual defendant, Nathan C. Deni, Jr., is "domiciled in the State of North Carolina." R. Doc. 1, ¶¶ 11 & 14. These are sufficient allegations of citizenship.

its principal place of business is in the State of Arizona."[4]  Assuming National Casualty is a corporation, this is an adequate allegation of citizenship; however, it is not clear from the Notice of Removal that National Casualty is a corporation.[5]

Finally, with respect to JV & AV Trucking, LLC ("JV & AV"), the Removing Defendants allege that JV & AV "is a limited liability company organized under the laws of the State of Texas."[6]  To properly allege the citizenship of a limited liability company, a party must identify each of the members of the limited liability company and the citizenship of each member in accordance with the requirements of § 1332(a) and (c).  *See*, *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008).  The same requirement applies to any member of a limited liability company which is also a limited liability company.  *See*, *Turner Bros. Crane and Rigging, LLC v. Kingboard Chemical Holding Ltd.*, Civil Action No. 06-88, 2007 WL 2848154, at *4-5 (M.D. La. Sept. 24, 2007) ("when partners or members are themselves entities or associations, the citizenship must be traced through however many layers of members or partners there may be, and failure to do [sic] can result in dismissal for want of jurisdiction.") (quotation and citation omitted). Accordingly, the citizenship of JV & AV has not been properly alleged.

**IT IS HEREBY ORDERED** that the Removing Defendants shall file a Motion to Substitute the Notice of Removal within seven (7) days of this Notice and Order.  The proposed substitute Notice of Removal shall explicitly allege: (1) the domicile of Plaintiff; (2) the type of entity that National Casualty Company is (*i.e.*, whether it is a corporation or an unincorporated association) and National Casualty Company's citizenship based on the particular rules for that

---

[4] R. Doc. 1, ¶ 9.

[5] In contrast, the Notice of Removal explicitly states that New Prime, Inc. and RLI Insurance Company are corporations and alleges each corporation's state of incorporation and principal place of business.  *See*, R. Doc. 1, ¶¶ 12-13.

[6] R. Doc. 1, ¶ 10.

type of entity; and (3) the citizenship of JV & AV Trucking, LLC by setting forth the member(s) of JV & AV Trucking, LLC and the citizenship of each member(s).  No further leave of court is necessary to file the Motion to Substitute.

Signed in Baton Rouge, Louisiana, on August 22, 2017.

                                                    **ERIN WILDER-DOOMES**
                                                  **UNITED STATES MAGISTRATE JUDGE**